UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MORELAND,

    Petitioner,

v.                                                Case No. 8:13-cv-1720-T-30EAJ

UNITED STATES OF AMERICA, et al.,

    Respondents.
_____/

**ORDER**

This matter is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1). Petitioner is a federal prisoner proceeding *pro se*. Petitioner challenges the 188 month prison sentence imposed by this Court in March 2004 in case number 8:97-cr-233-T-24MAP (M.D. Fla.) (see CR Dkt. 54). Petitioner contends that he is entitled to relief because: 1) his sentence was erroneously enhanced on the ground that he is a career-offender; 2) the Court violated the Ex Post Facto Clause when it used state convictions that were committed prior to the enactment of the U.S. Sentencing Guidelines to enhance his sentence; and 3) his attorney rendered ineffective assistance during sentencing. Petitioner also argues that his claims are not procedurally or time barred because he is "actually innocent" of the career-offender guidelines enhancement.

**Discussion**

In the Petition, the Petitioner attacks the validity of his sentence rather than the means of execution. Petitioner has previously attempted to challenge both his conviction and sentence

collaterally in this Court pursuant to 28 U.S.C. § 2255. *See Moreland v. United States,* case number 8:05-cv-1403-T-24MAP (M.D. Fla. 2005). Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states in pertinent part that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

Petitioner implicitly seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In *Wofford*, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

*Id*.

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual

2

innocence' means factual innocence, not mere legal insufficiency.")). Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to *Wofford*.[1]

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition (Doc. 1) is **DISMISSED** with prejudice.

2. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*

---

[1] Petitioner is not entitled to pursue his claims on the ground that he is actually innocent of being a career offender. Actual innocence applies to factual innocence of the crime, not to application of sentencing guidelines. *See Goodloe v. United States*, 448 Fed. Appx. 980, 2011 U.S. App. LEXIS 24739, 2011 WL 6156843 at *1 (11th Cir. Dec. 13, 2011) ("[T]he actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence.").